IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVONTE MD KING,<br><br>                 Plaintiff,<br><br>     vs.<br><br>KENDELL ALLISON, KENT D.<br>TURNBULL, ANGELA M. FRANZ,<br>and NORTH PLATTE POLICE<br>DEPARTMENT,<br><br>                 Defendants. | **4:21CV3053**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges Defendants "conspired together to extort me of money. When that didn't work they had me jailed." (Filing 1, p. 9.) Plaintiff alleges he was jailed for 24 hours on February 25, 2021. (Filing 1, p. 4.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The North Platte Police Department is not a proper defendant, and must be dismissed from the action.[1] *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81,

---

[1] The court will give Plaintiff leave to file an amended complaint, in which the City of North Platte may be named as a defendant, but in order to state a claim against the City, it must be shown that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom by demonstrating "(1) the existence

82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at \*2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

From an attachment to a complaint filed in a related case, No. 4:21CV3052, it appears Defendant Kendell Allison issued a citation to Plaintiff on February 25, 2021, for not having a valid vehicle registration, proof of insurance, or a driver's license on his person. Plaintiff alleged in that action that Officer Allison "deprived i man [*sic*] of the right to property and the right to enjoy life and liberty" and "extorted i man [*sic*] with jail or traffic ticket."[2]

In support of his claim, Plaintiff cites the First and Fourteenth Amendments. Plaintiff's conclusory allegations fail to show that by being "extorted" or jailed he was deprived of a right protected by the First Amendment.[3] Plaintiff's Fourteenth

---

of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

[2] The court determined on initial review that the complaint filed in Case No. 4:21CV3052 failed to state a claim upon which relief may be granted. Plaintiff was given leave to file an amended complaint, but when he failed to do so, the case was dismissed without prejudice on May 6, 2021.

[3] The First Amendment, which is made applicable to the states through the Due Process Clause of the Fourteenth Amendment, states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof;

Amendment[4] claim presumably is based on a misguided belief, which he has advanced in other cases filed in this court, that motor vehicle registration and licensing laws do not apply to him as a "sovereign citizen." *See King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. Apr. 7, 2021) (dismissing claims as frivolous); *see also Reed v. Hovey*, No. 4:20-CV-3151, 2021 WL 949612, at *2-3 & n. 2 (D. Neb. Mar. 12, 2021) (rejecting theory that a non-commercial motor vehicle need not be registered and that the driver of a non-commercial vehicle need not be licensed). In any event, the court finds nothing in Plaintiff's Complaint, even liberally construed, to support a Fourteenth Amendment claim against the named defendants. Plaintiff also cites 18 U.S.C. §§ 241 and 242. There is no private right of action under these criminal statutes. *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018) (citing cases).

Defendant Kent D. Turnbull is a county court judge. Further, Plaintiff's claims against Judge Turnbull in his individual capacity are barred by judicial immunity. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal quotation and citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal quotation and citations omitted). Here, although Plaintiff alleges that Judge Turnbull acted in violation of Plaintiff's constitutional rights, he fails to allege that Judge

---

or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

[4] The Fourteenth Amendment provides in part: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

Turnbull acted outside the scope of his duties as a member of the Nebraska judiciary. Indeed, Nebraska law provides that Judge Turnbull had jurisdiction "in any criminal matter classified as a misdemeanor or for any infraction." Neb. Rev. Stat. § 24-517(6) (Westlaw 2021).

Defendant Angela M. Franz is a deputy county attorney. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis,* 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson,* 327 F.3d 762, 768 (8th Cir. 2003)). "[A]ctions connected with initiation of prosecution, even if those actions are patently improper" are immunized. *Id.* (quoting *Williams v. Hartje,* 827 F.2d 1203, 1208 (8th Cir. 1987). Plaintiff does not allege that Ms. Franz was engaged in anything other than prosecutorial functions.

Finally, Plaintiff's conclusory allegation of a conspiracy between Defendants is insufficient to state a claim under 42 U.S.C. § 1983. *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (per curium) (complaint subject to dismissal if allegations of conspiracy are inadequate; plaintiff must allege facts suggesting mutual understanding between defendants or meeting of minds); *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988) ("The principal elements of conspiracy are an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. A plaintiff must allege with sufficient particularity and demonstrate with specific material facts that the parties reached some agreement and conspired together to deprive plaintiff of a federal right.") (internal citation and quotation marks omitted); *see also Gardner v. Coe*, No. 8:19CV521, 2020 WL 4201225, at *4 (D. Neb. July 22, 2020) (dismissing § 1983 conspiracy claim on initial review), *aff'd,* No. 20-2789, 2020 WL 8618024 (8th Cir. Nov. 9, 2020).

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). However, the court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed.

IT IS THEREFORE ORDERED:

1. Plaintiff's claims against Defendant North Platte Police Department are dismissed, and it shall no longer be a party to this action.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5. The Clerk of the Court is directed to set this pro se case management deadline: **August 2, 2021**—amended complaint due.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 2nd day of July 2021.

BY THE COURT:

Richard G. Kopf
Senior United States District Judge